JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01532-SB-GJS | Date: | April 30, 2022 |
|---|---|---|---|

| Title: | Sabrina Ross v. United Airlines, Inc. et al. |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER REMANDING CASE AND AWARDING ATTORNEY'S FEES**

     Defendant United Airlines, Inc. (United) removed this case from state court, invoking diversity jurisdiction based on its view that an unserved defendant is not included in determining the existence of complete diversity. Dkt. No. 1. For this view, United relies on the forum-defendant rule—which limits removal jurisdiction when a defendant is sued in the state in which it is a citizen. That the rule serves as a limiting principle is plain from the statutory language requiring the civil action to be "otherwise removable" on diversity grounds. An action is not "otherwise removable" absent complete diversity, which includes unserved defendants under Ninth Circuit law. In this case, a co-defendant is a citizen of the same state as the plaintiff, and the fact that he was not served by the time United removed this action is irrelevant to the complete-diversity question. Because complete diversity is clearly lacking, United had no legal basis to remove this case. Consequently, this case is remanded to state court, and United is ordered to pay attorney's fees for its misguided removal.

    Plaintiff Sabrina Ross was employed by United in California for at least 14 years before she was terminated after complaining about sexual harassment by her supervisor, Frank Moss.  Compl., Dkt. No. 1-2.  She sued United and Moss, alleging violations of the Fair Employment and Housing Act (FEHA) and the California Labor Code, as well as a claim of negligent hiring and a claim for declaratory relief.  Id.  United removed the case based on diversity, stating that there was complete diversity between Plaintiff, a citizen of California, and United, a citizen of Delaware and Illinois.  Dkt. No. 1.  Because Moss (a citizen of California) had not yet been served, United asserted that his citizenship should not be considered under 28 U.S.C. § 1441(b)(2).  Id. ¶ 12.  Plaintiff moves to remand, arguing that diversity is not complete or, alternatively, United has not met its burden to establish that the amount in controversy is satisfied.  She also seeks an award of attorney's fees under 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11.  Dkt. No. 15.[1]  The Court finds this matter suitable for resolution without oral argument and vacates the May 6, 2022 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

    A defendant may generally remove a civil action to federal court when jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.  "The removal statute is strictly construed against removal," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.

    United does not seriously dispute that Plaintiff and Moss are both citizens of California.  It notes cursorily that Plaintiff's allegations of Moss's citizenship are part of her "unverified" complaint, Opp. at 5, but it is United's burden to show that removal is proper, not Plaintiff's burden to demonstrate that it is improper, Gaus, 980 F.2d at 566.  United submits no facts suggesting that Moss is not a citizen of California; and its argument that removal is proper under § 1441(b)(2)—i.e., that

---

[1] After United filed its opposition, Dkt. No. 20, Plaintiff filed an untimely reply, Dkt. No. 23.  The Court does not rely on the untimely reply or on Plaintiff's declaration filed in support of her motion.  United's objections to the declaration are therefore **overruled** as moot.  Dkt. No. 21; A.B. v. Facebook, Inc., No. CV 20-9012-CBM-(MAAx), 2021 WL 2791618, at *2 (C.D. Cal. June 1, 2021).

Moss is an unserved citizen of the forum state—implicitly concedes that he is a California citizen. In any event, any doubt as to Moss's citizenship must be resolved in favor of remand. *Gaus*, 980 F.2d at 566 ("any doubt as to the right of removal" requires a court to reject federal jurisdiction).

United argues that Moss's citizenship is not considered for purposes of removal because he has not been served. For this argument, United relies on the forum-defendant rule in § 1441(b)(2), which prohibits removal of a diversity action if any of the "properly joined and served" defendants is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). This argument, however, overlooks the proper meaning of § 1441 and ignores controlling Ninth Circuit law.

Section 1441(a) allows for removal in those cases that originally could have been brought in federal court. *Id*. § 1441(a) (authorizing the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). In the case of diversity jurisdiction, § 1441(b) states that "[a] civil action *otherwise removable* solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. § 1441(b)(2) (emphasis added). An action is "otherwise removable" under § 1332(a) if there is complete diversity of citizenship (and the amount in controversy exceeds $75,000). *Id*. § 1332(a)(1); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("[W]e have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants."). The forum-defendant rule is therefore relevant only when there is original jurisdiction *and* the non-served defendant is a citizen of the forum state. Properly understood, this rule thus serves as a limitation on removal rather than as an expansion of diversity jurisdiction. If, for instance, a Nevada citizen sues a California citizen in California state court, the case is not subject to removal if the California citizen is "properly joined and served." 28 U.S.C. § 1441(b)(2). While there is complete diversity in this hypothetical (whether or not the California citizen is served), the forum-defendant rule precludes removal if the California citizen is "properly joined and served."[2] *Id*.

---

[2] "The practice of removing before forum defendants have been served has been called 'snap removal' . . . ." Arthur Hellman et. al., *Neutralizing the Stratagem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 Fed. Cts. L. Rev. 103, 104 (2016). The question whether "snap removal" is permitted under § 1441(b)(2) has divided the courts. *Id*.; *see also Black v. Monster Beverage Corp.*, 2016 WL 81474, at *3 (C.D. Cal. Jan. 7, 2016) (discussing the split). This

In removing this case, United not only misapplies the forum-defendant rule but also flies in the face of Ninth Circuit law. Relying on U.S. Supreme Court authority, the Ninth Circuit long ago held that the issue of service on a defendant is irrelevant for purposes of determining complete diversity under § 1332(a). *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)). In so holding, the Ninth Circuit explained that § 1441(b) does not require a different conclusion in the removal context:

> Occasional holdings that unserved codefendants can be ignored in deciding removal petitions stem from the erroneous assumption that *Pullman* turned on a distinction between unserved nonresident defendants and unserved resident defendants, rather than upon want of diversity, and the further misassumption that 28 U.S.C. § 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served.

*Id*. at 1176 n.1.

Remand is thus required here, leaving only the question whether to grant Plaintiff's request for an award of $5,000 in attorney's fees incurred in bringing this motion.³ *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Section 1447(c) gives district courts "wide discretion" in determining whether to award attorney's fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). While this determination does not require a finding of bad faith, *id*., "courts [ordinarily] may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

---

Court need not take sides in that debate because the complete-diversity requirement, not the forum-defendant rule, is at issue here.

³ Plaintiff's request pursuant to Rule 11 is **denied** because she did not move for sanctions separate from her remand motion. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (Rule 11 motions "must be separate from other motions or requests" (cleaned up)).

United's basis for removal was objectively unreasonable. A straightforward reading of Ninth Circuit law should have alerted United to the fact that the failure to serve a defendant is not considered for purposes of determining diversity. *Vitek*, 412 F.2d at 1176. And the Supreme Court has long held that complete diversity is required under § 1332(a). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Absent complete diversity, a case is not "otherwise removeable solely on the basis of jurisdiction" under § 1332(a). 28 U.S.C. § 1441(b)(2). The forum-defendant rule presupposes complete diversity; it does not eliminate the need for it. *Vitek*, 412 F.2d at 1176 n.1. Indeed, United had to look no further than its own cited authorities to discern this point. *E.g.*, *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1053 (C.D. Cal. 2019) (noting that the parties did not dispute complete diversity); *Asare-Antwi v. Wells Fargo, N.A.*, No. SACV 19-00887 JVS (KESx), 2019 WL 3073942, at *3 (C.D. Cal. July 15, 2019) (finding complete diversity of citizenship after disregarding fraudulently joined defendants); *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) (noting that the forum-defendant rule applies to cases "in which the parties are completely diverse"). An award of attorney's fees is therefore appropriate.

"[C]ourts use the lodestar method to calculate attorney fee awards under § 1447(c)." *W.H. Breshears, Inc. v. Del. N. Companies Parks & Resorts at Yosemite, Inc.*, No. 1:16-CV-1129 AWI SAB, 2016 WL 7010501, at *5 (E.D. Cal. Nov. 30, 2016). Plaintiff's counsel states that she spent six hours drafting this motion and four hours drafting the reply at an hourly rate of $500. Gomez Decl., Dkt. No. 15-1, ¶ 6; Reply at 6. Counsel provides no evidence to support her requested rate, other than the fact she is a six-year associate attorney. Gomez Decl. ¶ 1; Reply at 6. Based on counsel's failure to provide any substantial evidence in support of her rate, the Court's own familiarity with the legal market in Los Angeles, and decisions by other courts in this district,[4] the Court finds a reduced

---

[4] Courts in this district have regularly approved rates between $250 and $400 for employment associates. *See Asfall v. L.A. Unified Sch. Dist.*, No. 18-cv-00505-CBM, 2020 WL 6650783, at *5 (C.D. Cal. Oct. 28, 2020) (reducing a $350 hourly rate to $250 when the plaintiff submitted "no evidence reflecting [the associate's] speciality or experience"); *Uziel v. Superior Ct.*, No. CV 19-1458-DSF (JEM), 2021 WL 5830040, at *7 (C.D. Cal. Oct. 19, 2021) (collecting cases approving hourly rates as low as $400); *Castillo v. Trooon Enters., Inc.*, No. EDCV 19-305 DSF (SPx), 2021 WL 3772124, at *3 (C.D. Cal. Jan. 8, 2021) (counsel's "$350 hourly rate is close to the median rate for employment and labor associates in Los Angeles and with comparable years of experience").

hourly rate of $300 to be reasonable.  The Court finds that the six hours counsel spent drafting the remand motion is reasonable.  See *W.H. Breshears*, 2016 WL 7010501, at *6 (relying on "minimal specificity" to conclude that 12 hours to prepare a remand motion is reasonable).  Given the untimeliness of Plaintiff's reply brief, the Court declines to award Plaintiff fees for drafting it.

Accordingly, Plaintiff's Motion to Remand is **GRANTED in part**.  The Court awards Plaintiff **$1,800** in attorney's fees and **remands** this action to the Los Angeles Superior Court.